**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-2317**

---

RICHARD ALVAREZ,

Plaintiff – Appellant,

v.

SECRETARY XAVIER BECERRA,

Defendant – Appellee.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge. (1:20-cv-02626-CCB)

---

Argued:  October 27, 2022                          Decided:  April 12, 2023

---

Before NIEMEYER and RICHARDSON, Circuit Judges, and Michael S. NACHMANOFF, United States District Judge for the Eastern District of Virginia, sitting by designation.

---

Affirmed by unpublished opinion. Judge Nachmanoff wrote the opinion, in which Judges Niemeyer and Richardson joined.

---

**ARGUED:** Christopher Hugh Bonk, GILBERT EMPLOYMENT LAW, PC, Silver Spring, Maryland, for Appellants. Joshua Marc Salzman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Alexis N. Tsotakos, Kevin L. Owen, GILBERT EMPLOYMENT LAW, PC, Silver Spring, Maryland, for Appellants. Brian M. Boynton, Principal Deputy Assistant Attorney General, Mark B. Stern, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE,

Washington, D.C.; Erek L. Barron, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

MICHAEL S. NACHMANOFF, District Judge:

Plaintiff Richard Alvarez appeals the decision rendered in the District of Maryland dismissing his complaint for lack of Article III standing. The district court held that Alvarez failed to establish that his injury was fairly traceable to the defendant's actions. We agree with the district court and therefore affirm.

## I.

### A.

We begin with an explanation of the statutory scheme in question. The Merit Systems Protection Board ("MSPB") is an independent, quasi-judicial agency established by the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1201 *et seq.*, that adjudicates appeals from federal employees challenging adverse employment actions. The MSPB consists of three board members (the "Board") appointed by the President and confirmed by the Senate to serve staggered seven-year terms, administrative law judges ("ALJs") appointed by the agency heads, and career civil service employees serving as administrative judges ("AJs").

Under the CSRA, federal employees facing certain adverse employment actions may file an appeal with the MSPB and are entitled to a hearing. *See* 5 U.S.C. §§ 7513, 7701. Such appeals are typically assigned to and reviewed by an AJ, who has the authority to preside over the hearing, issue initial decisions, and grant interim relief. *See id.* at § 7701; 5 C.F.R. §§ 1201.41, 1201.111. Either party, or a member of the Board, can petition for the Board to review the AJ's decision. If no petition is filed, the AJ's initial decision

3

becomes final after thirty-five days and administrative remedies are deemed exhausted. 5 C.F.R. § 1201.113.

This review process was disrupted in 2017 when the Board lost its quorum. During that lack of quorum, AJs continued to hold hearings and issue initial decisions based on preexisting delegated authority and those decisions became final after thirty-five days if no petition for further review was filed. However, the Board did not—indeed, could not— adjudicate any petitions for review of an AJ's initial decision. In 2018, the review process was further obscured by the Supreme Court's decision in *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), which held that ALJs employed by the Securities and Exchange Commission ("SEC") must be appointed by the full Commission in accordance with the Appointments Clause of the Constitution and required that the SEC conduct new hearings in all open cases once the ALJs were validly confirmed. In April 2019, the question of whether *Lucia* also applied to AJs employed by the MSPB was certified to the Board. The Board, however, lacked a quorum to answer that question and, as of the filing of Alvarez's opening brief, had not issued a ruling.[1]

---

[1] The timeline of the MSPB's restoration of quorum and resolution of the *Lucia* issue is intertwined with the procedural history in this case. Alvarez noted his appeal on November 19, 2021, and filed his opening brief on January 3, 2022. On March 1, 2022, the Board's quorum was restored. Three days later, the newly-reconstituted Board ratified the appointment of its AJs. *See* U.S. Merit Systems Protection Board Ratification Order (Mar. 4, 2022), available at https://www.mspb.gov/foia/files/AJ_Ratification_Order_3-4-2022.pdf. On the same day, appellee filed its response brief.

On March 31, 2022, the Board ruled on the interlocutory appeal based on *Lucia*, finding that the issue was rendered moot by the ratification order. *See Jolley v. Dep't of Hous. and Urban Dev.*, MSPB AT-4324-19-0041-I-1 (Mar. 31, 2022), available at (Continued)

4

**B.**

With this adjudicatory framework in mind, we now turn to the circumstances of this case. Alvarez is a current employee of the Food and Drug Administration, an agency within the U.S. Department of Health and Human Services ("HHS"). In August 2018, Alvarez received a notice of proposed demotion, to which he timely objected. By October, HHS demoted Alvarez's duties, grade, and compensation. Alvarez filed a timely appeal with the MSPB on November 9, 2018, challenging the propriety of his demotion.

On August 19, 2019, HHS invoked *Lucia* as a basis for the reassignment of Alvarez's appeal to a properly appointed AJ. In the alternative, HHS sought dismissal without prejudice until a new Board regained a quorum to answer the question regarding *Lucia*'s impact on AJs. The AJ chose to dismiss, noting that the *Lucia* question had been certified to the Board and the interest of "judicial economy" supported a dismissal without prejudice. The AJ further noted that the decision to dismiss an appeal without prejudice was "left to the sound discretion of the [administrative] judge based on a finding that any prejudice is outweighed by the interests of fairness, due process, and administrative efficiency." J.A. 39 (cleaned up).[2] As required by agency regulations, the AJ ordered that

---

https://www.mspb.gov/decisions/nonprecedential/JOLLEY_WILLIAM_B_AT_4324_18_0576_I_2_ORDER_1912258.pdf. We heard oral argument on October 27, 2022. On November 9, 2022, the Federal Circuit decided *McIntosh v. Department of Defense*, 53 F.4th 630 (Fed. Cir. 2022), likewise observing that, even assuming the MSPB AJs are inferior officers, "any issues with their appointment have since been remedied" with the issuance of the ratification order. *Id.* at 641.

[2] Citations herein to "J.A." refer to the contents of the Joint Appendix filed by the parties in this appeal.

5

the appeal be refiled automatically in 180 days. *See* 5 C.F.R. § 1201.29(c). Three days after Alvarez's appeal was refiled, HHS filed its second motion to dismiss without prejudice, which Alvarez opposed. In May 2020, an AJ again dismissed the appeal without prejudice and ordered automatic refiling after 180 days.[3]

On September 11, 2020, Alvarez initiated this action against the Secretary of HHS in the District of Maryland, on behalf of himself and similarly-situated federal employees, alleging deprivation of his property interest without a hearing in violation of his Fifth Amendment due process rights and seeking declaratory and injunctive relief. Alvarez claimed that, by repeatedly filing motions to dismiss his MSPB appeal without prejudice, HHS prevented him from obtaining a review of or relief from the adverse employment actions. HHS moved to dismiss the complaint for lack of jurisdiction, failure to state a claim, and improper venue. After thorough briefing and in a well-reasoned opinion, the district court dismissed the complaint for lack of Article III standing, holding that Alvarez's alleged injury was not fairly traceable to the defendant's challenged conduct. This appeal followed, and we exercise jurisdiction pursuant to 28 U.S.C. § 1291.

**II.**

---

[3] This unfortunate cycle—whereby the MSPB refiled the appeal, HHS moved to dismiss without prejudice, Alvarez opposed, and the AJ granted a dismissal with automatic refiling after 180 days—repeated at least two more times after Alvarez filed his federal complaint.

6

We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[4] *Ali v. Hogan*, 26 F.4th 587, 595 (4th Cir. 2022). Article III of the Constitution limits the power of federal courts to "actual cases and controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To ensure that federal courts do not exceed their constitutional authority, the doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (cleaned up).

There are three basic components of standing: injury, causation, and redressability. Specifically, to establish standing in federal court, a complainant must demonstrate that: (1) they have suffered an injury-in-fact, (2) the injury is fairly traceable to the challenged conduct of the defendant, and (3) the injury is likely to be redressed by a favorable judicial decision. *See Spokeo*, 578 U.S. at 338; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–

---

[4] In reviewing the dismissal, "we are not limited to evaluation of the grounds offered by the district court to support its decision, but may affirm on any grounds apparent from the record." *Suter v. United States*, 441 F.3d 306, 310 (4th Cir. 2006) (cleaned up). Indeed, although the parties and the district court focused on standing, intervening events—i.e., the restoration of the MSPB's quorum on March 1, 2022, and the Board's ratification of its AJs on March 4, 2022—raise the potential for mootness. *See supra* n.2. While we are obligated to address mootness sua sponte because it implicates our Article III jurisdiction, *Castendet-Lewis v. Sessions*, 855 F.3d 253, 260 (4th Cir. 2017), we need not do so here because we decide this appeal on an alternate—and arguably preliminary—facet of Article III jurisdiction: standing. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180, 189 (2000) (addressing the question of standing before mootness); *County of Riverside v. McLaughlin*, 500 U.S. 44, 50–52 (1991) (same). *See generally United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (noting that mootness has been defined as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)") (citation omitted).

61 (1992). The party invoking federal jurisdiction bears the burden of establishing all three elements. *Lujan*, 504 U.S. at 561. Where, as here, a defendant challenges the court's subject matter jurisdiction at the motion-to-dismiss stage, we accept the allegations in the complaint as true to determine whether the plaintiff has alleged facts sufficient to establish standing. *See Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

We need not decide whether Alvarez has satisfied the injury or redressability elements of standing because we conclude that he has failed to establish "a causal connection between the injury [alleged] and the conduct complained of." *Lujan*, 504 U.S. at 560. Traceability does not require that HHS's actions "be the sole or even immediate cause of [Alvarez's] injury." *See Sierra Club v. United States DOI*, 899 F.3d 260, 284 (4th Cir. 2018). Even so, an injury that results from "the independent action of some third party not before the court" decidedly falls short. *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976); s*ee also Friends for Ferrell Parkway v. Stasko*, 282 F.3d 315, 324 (4th Cir. 2002) ("The traceability requirement ensures that it is likely the plaintiff's injury was caused by the challenged conduct of the defendant, and not by the independent actions of third parties not before the court."). Indeed, where multiple actors are involved, a plaintiff can establish causation only if the defendant's conduct had a "determinative or coercive effect upon the action of someone else." *Bennett v. Spear*, 520 U.S. 154, 169 (1997). Thus, because Alvarez's "standing depends on the unfettered choices made by independent actors . . . whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict," he is required to "adduce facts showing that those choices have been

or will be made in such manner as to produce causation." *Lujan*, 504 U.S. at 562 (cleaned up).

Here, Alvarez concedes that "[t]he decision whether to dismiss an appeal without prejudice is committed to the *sound discretion* of the [MSPB administrative judge]." 5 C.F.R. § 1201.29(b) (emphasis added). He further concedes that dismissals without prejudice "may be granted on the judge's own motion," *id.*, without a motion from either party. Nonetheless, Alvarez argues that HHS's filing of dismissal motions had a predictable and determinative effect of delaying his post-deprivation hearing, thereby causing injury. This is so, he argues, because HHS prevailed on these motions in every case in which they were filed, and because there is no indication the AJ would have dismissed Alverez's appeal sua sponte absent the filing of such motions.

The fatal flaw in this argument is that it confuses correlation with causation. For example, Alvarez ignores the possibility that HHS prevailed in each of its dismissal motions because it raised legitimate, non-frivolous arguments that the AJ found persuasive. He likewise neglects the possibility that, where a party intimated a subsequent *Lucia* challenge to an AJ's delegated authority, the AJ reasonably issued a dismissal instead of proceeding to a hearing because doing so served legitimate interests of judicial economy and administrative efficiency.

We simply cannot find that a party presenting a reasonable legal argument in an adversarial proceeding can have a "determinative or coercive effect" upon the independent, neutral arbiter before whom it appears and prevails. The delay in obtaining a post-deprivation hearing cannot be traced to HHS where "an intermediary . . . stands directly

9

between [Alvarez] and the challenged conduct in a way that breaks the causal chain." *Frank Krasner Enters. v. Montgomery Cty.*, 401 F.3d 230, 236 (4th Cir. 2005). The AJ exercised legitimate discretion in granting the dismissal motions, and the fact that the AJ's decision "may have been easy does not alter the analysis." *Id.* Accordingly, we find that Alvarez failed to establish a causal connection between his alleged injury and HHS's actions and affirm the district court.

*AFFIRMED*